Bradish *v.* Belknap & Edson.

JOSEPH BRADISH *v.* BELKNAP & EDSON.

*Agency.*

B. acted as the agent of the defendants in selling stoves. After the agency was terminated B. still continued to prosecute the same business, and to hold himself out to the world as, the agent of the defendants; which was known to and acquiesced in by them. *Held,* that, under the circumstances of this case, the plaintiff was justified in regarding the agency as still existing between the defendants and B.

BOOK ACCOUNT. Tried, on special report of the auditor, at the September term, 1867, PECK, J., presiding. Judgment for the plaintiff, according to the report. Exceptions by the defendants.

The auditor found a balance due the plaintiff, including interest, of $22.30, subject to the opinion of the court upon the facts reported, which are fully set forth in the opinion.

*George M. Fisk,* for the defendants.

*Heaton & Reed,* for the plaintiff.

The opinion of the court was delivered by

PIERPOINT, C. J. The report in this case shows that, for a long period prior and up to 1863, one Brockway was the agent of the defendants in taking stoves about the country, and selling them as he could find purchasers. This fact was generally known, and was well known to the plaintiff. In 1863 Brockway and the defendants changed their arrangement, and Brockway ceased to be their agent in fact; but he continued the business of selling stoves which he took of the defendants as before. It does not appear that this new arrangement was known to any one except Brockway and the defendants. No public notice was given of the fact. Brockway continued to hold himself out to the world as the agent of the defendants in the business, and was in the habit of taking notes for stoves sold, payable to the defendants; and this was known to the defendants.

While the business was being so conducted, the plaintiff, believing Brockway to be the agent of the defendants, proposed to

Brockway to buy a stove of him and pay in pine lumber.  Brockway said he was selling the stoves for the defendants, and, if they wanted the lumber, he would take it and let him have the stove. Afterward Edson, one of the defendants, went to the plaintiff's, looked at the lumber, ascertained the price, and said it would answer their purpose.  Afterward Edson went to the plaintiff's, and measured out a part of the lumber, and laid it by itself; and the plaintiff and Brockway subsequently measured out the remainder of the lumber charged, and the defendants and Brockway drew it away, and the defendants converted it to their own use.  The plaintiff charged the lumber to the defendants, and took the stove, giving the defendants credit for it against the lumber.

Brockway during all this time was perfectly poor and irresponsible, and this fact was known by both parties.  Brockway represented himself as the agent of the defendants, and the conduct of the defendants was such as to justify the plaintiff in regarding them as the principals; and we can hardly conceive it possible under the circumstances, that the defendants did not understand that the plaintiff so regarded them.  And to allow them now to deny the agency and thus defeat the plaintiff's right to recover for the balance of the lumber, would be permitting them to perpetrate a palpable fraud on the plaintiff.

Judgment of the county court is affirmed.